**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1249-24

HENNIE CHELMINSKI,

    Plaintiff-Appellant,

v.

RICKART COLLECTIONS
SYSTEMS, INC.,

    Defendant-Respondent.

_____

Submitted January 5, 2026 – Decided February 18, 2026

Before Judges Natali and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-5434-21.

Zemel Law, attorneys for appellant (Daniel Zemel and Nicholas Linker, on the briefs).

Barron & Newburger PC, attorneys for respondent (Mitchell L. Williamson, on the brief).

PER CURIAM

Plaintiff Hennie Chelminski appeals from a Law Division order entered pre-trial dismissing her complaint against defendant Rickart Collections Systems, Inc., asserting violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p. After our review of the record and application of the pertinent legal principals, we vacate the dismissal order, reinstate plaintiff's complaint and remand for further proceedings consistent with this opinion.

I.

The background facts forming the basis of plaintiff's claims are well known to the parties and do not bear repeating in great detail. After plaintiff allegedly failed to pay medical debt, it was transmitted to defendant for collections. Defendant hired and forwarded plaintiff's information to Renkim Corporation, a letter vendor, which prepared and purportedly sent a collection letter to plaintiff. Plaintiff alleged defendant improperly provided Renkim with plaintiff's personal information and detailed material concerning plaintiff's debt, which violated the FDCPA. By providing plaintiff's information surrounding her debt, she asserted defendant violated section 1692c(b) of the FDCPA, which states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given

2

A-1249-24

directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, <u>with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.</u>

[15 U.S.C. § 1692c(b) (emphasis added).]

After discovery closed, trial was scheduled for July 29, 2024. Defendant requested and received an adjournment the trial in order to file a motion for summary judgment. The trial was rescheduled to November 18, 2024. In the interim, defendant failed to file a motion for summary judgment. In preparation for trial, on November 14, 2024, plaintiff filed trial stipulations and defendant filed a pre-trial memorandum. On November 15, 2024, plaintiff filed a pre-trial memorandum, proposed jury instructions and a proposed jury verdict form. Both parties also filed motions in limine. Argument regarding the motions in limine began on the first scheduled day of trial, November 18, 2024, before jury selection began. The court also held a N.J.R.E. 104 hearing that day where testimony was taken from defendant's corporate representative, Arthur Toto, seemingly to decide certain factual and legal issues relevant to the alleged violation of the FDCPA including defendant's purpose in sending the letter,

whether defendant transmitted plaintiff's protected information to a third party, and to determine whether the maximum statutory damages of $1,000 applied raised in the parties in limine motions.

After this hearing, which ended late in the day, the trial court did not empanel a jury, but requested the parties return the next day and requested the parties to each submit a legal memorandum on the calculation of statutory damages. On November 19, 2024, the court held oral argument on the issue of statutory damages as well as defendant's motion in limine requesting the court to find the disputed issues between the parties were legal in nature and no factual issues existed requiring a determination by a jury.

On that same day, in an oral ruling, the court found only the frequency and persistence of defendant's communications to plaintiff would be considered, not all communications with all debtors and further found the remaining disputes concerning defendant's violations of the FDCPA concerned only legal issues, which should be decided by the court. The court then went further, finding plaintiff has not shown defendant's communications with their letter vendor violated the FDCPA and summarily dismissed plaintiff's complaint with prejudice. A written dismissal order was issued that same day.

A-1249-24

On appeal, plaintiff contends the trial court did not afford her due process by summarily dismissing her complaint on a motion in limine without reasonable notice and a reasonable opportunity to respond. In the alternative, defendant contends the trial court erred in its substantive decision finding defendant did not violate the FDCPA and was entitled to a judgment as a matter of law.

## II.

We first address plaintiff's contention the trial court's order should be vacated because the court's dispositive decision on defendant's motion in limine was error as she was not provided a reasonable opportunity to respond to defendant's motion, which infringed on her right to due process. We agree.

Due process requires "that a party in a judicial hearing receive 'notice defining the issues and an adequate opportunity to prepare and respond.'" H.E.S. v. J.C.S., 175 N.J. 309, 321 (2003) (quoting McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 559 (1993)). Without proper notice, "[t]here can be no adequate preparation where the notice does not reasonably apprise the party of the [claims], or where the issues litigated at the hearing differ substantially from those outlined in the notice." Id. at 322 (quoting Nicoletta v. N. Jersey Dist. Water Supply Comm'n, 77 N.J. 145, 162 (1978)).

A-1249-24

In Seoung Ouk Cho v. Trinitas Reg'l Med. Ctr., 443 N.J. Super. 461, 467-69, 474-75 (App. Div. 2015), we criticized the practice of the filing of a dispositive motion, styled as a motion in limine. We stated "[w]hen granting a motion will result in the dismissal of a plaintiff's case or the suppression of a defendant's defenses, the motion is subject to [Rule] 4:46, the rule that governs summary judgment motions." Id. at 471. In reversing the court's order, we held "our commitment to the fair administration of justice demands that we protect a litigant's right to proceed to trial when he or she has not been afforded the opportunity to respond to dispositive motions at a meaningful time and in a meaningful manner." Id. at 475.

The New Jersey Court Rules define a motion in limine as an application returnable at trial for a ruling regarding the conduct of the trial, including admissibility of evidence, which motion, if granted, would not have a dispositive impact on a litigant's case. R. 4:25-8(a)(1); Jeter v. Sam's Club, 250 N.J. 240, 250 (2022). A motion in limine "is not a summary judgment motion that happens to be filed on the eve of trial." Ibid. (citing Cho, 443 N.J. Super. at 471). Therefore, "the consideration of an untimely summary judgment motion at trial and resulting dismissal of a complaint deprives a plaintiff of due process of law." Id. at 475; see also Doe v. Poritz, 142 N.J. 1, 106 (1995) (holding "due

process requires an opportunity to be heard at a meaningful time and in a meaningful manner").

We conclude plaintiff was not afforded sufficient due process prior to the court granting defendant's motion in limine and dismissal application. Although neither parties' appendix contains defendant's motion in limine, the transcript of the proceedings show defendant had filed a motion in limine for the court to declare only legal issues remained in the case at that point. To this end, defense counsel stated:

> [W]hether it's a legal question or a factual question, the violation. And, I believe . . . as [plaintiff's counsel] said, it bars the plaintiff from offering any testimony as to the legality opinions regarding the legal question. . . It's a legal question, not a factual question. It's . . . a question for the [c]ourt and not for a jury. So, what . . . we have here is the . . . electronic transmission of data from one entity to another entity, does that violate the law. That's a legal question. And, . . . the [c]ourts have all found it to be a legal question. It's not a jury question. It's something that Your Honor needs . . . to issue a decision, and things would flow from that.

Later in the same proceeding, defendant's counsel argued: "I guess I'm arguing the pretrial memorandum," to which the court clarified: "Right. So, if we look at your pretrial memorandum, the threshold issue is whether the use of a third-party letter vendor to print and mail a letter violates the FDCPA. And . . . this is a matter of law and not a question for the jury."

We determine the court misapplied its discretion by entering a dispositive order dismissing plaintiff's complaint under this procedural setting. We conclude defendant's motion in limine requesting the court to find only legal issues were in dispute and a jury determination was not necessary was essentially a dispositive motion required to be raised through a motion for summary judgment under Rule 4:46-2.

Defendant's counsel improperly expanded his arguments to effectively request a dismissal of plaintiff's complaint. This wrongfully converted the motion in limine into a motion for summary judgment. We conclude the court's dismissal order was a dispositive determination contrary to our holding in Cho and the Court's holding in Jeter. Here, the approximate seven-day notice provided by defendant in its motion in limine was prejudicial to plaintiff when the motion was later treated by the court as a dispositive motion. We conclude 28 days' notice was required pursuant to Rule 4:46-2, which admittedly was not provided by defendant. Additionally, defendant was aware it was required to file a timely motion for summary judgment because that was its basis supporting its adjournment request of the first trial date, yet failed to do so. We conclude defendant was mandated to file for dismissal under Rule 4:46-2, not Rule 4:25-8. The former requires a statement of material facts, in separately numbered

8

paragraphs disclosing which facts are claimed to have no genuine issue together with a citation to the record supporting such, among other requirements. Here, defendant failed to provide plaintiff with appropriate notice and filed non-compliant pleadings that were non-conforming with the requirements of Rule 4:46-2. The trial court's order under these procedural circumstances was a misapplication of discretion.

Based on these determinations, we need not reach plaintiff's substantive argument in her second point on appeal concerning whether the court erred in its finding that defendant did not violate the FDCPA and leave that issue for the court's determination on remand, if presented. We vacate the dismissal order, reinstate plaintiff's complaint, and remand the matter to the trial court with directions to set time parameters for the parties to file motions, including motions for summary judgment, and to set a trial date thereafter, if appropriate. We leave to the court's discretion as whether to hold a case management conference with the parties to address the above issues.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Hanley

Clerk of the Appellate Division

9                                                          A-1249-24